Filed 9/4/15  P. v. Kibby CA3

# NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Butte)

----

| | |
|---|---|
| THE PEOPLE, | C078026 |
| Plaintiff and Respondent, | (Super. Ct. No. CM038284) |
| v. | |
| ELIJAH BLUE KIBBY, | |
| Defendant and Appellant. | |

Defendant Elijah Blue Kibby pleaded no contest to first degree burglary (Pen. Code, § 459) and was sentenced to the upper term of six years in state prison.[1]  On appeal, defendant contends the trial court abused its discretion in imposing the upper term.  We conclude the court acted within its discretion and shall affirm the judgment.

---

[1] Undesignated statutory references are to the Penal Code.

1

## FACTUAL AND PROCEDURAL BACKGROUND

On March 13, 2013, a 13-year-old girl was home alone when she heard a knock at the front door. She looked through the peephole and saw defendant, a 25-year-old man, five feet nine inches tall, 200 pounds, with tattoos on his forearms, neck, and face, standing at her front door. She did not open the door; defendant continued knocking for five minutes.

Defendant then walked through the side gate and opened the side door into the house. The young girl heard the noise at the side of the house and she saw the door "partially opened" with defendant standing "in front of it." She slammed the door closed and locked it before defendant could get inside. Undeterred, defendant turned the door handle several times and pushed on the door, while repeatedly asking the girl if she was home alone. Scared, the girl called her father and began locking all the windows in the house.

The young girl's father drove home immediately and saw defendant standing in front of the family home. The father approached defendant and defendant denied being on the property; defendant started to walk away and the father followed him. While following defendant, the father called the Butte County Sheriff's Department. Sheriff's deputies soon arrived and arrested defendant, whom they believed to be under the influence of a controlled substance.

The People subsequently charged defendant with first degree burglary, person present. (§ 459.) Following a mental competency exam under section 1368, in May 2013 defendant was declared incompetent to stand trial and placed at Napa State Hospital. Defendant's competency was restored on September 25, 2014, and criminal proceedings were quickly reinstated.

In November 2014, defendant pleaded no contest to first degree burglary (§ 459) and admitted that a person was present in the home during his crime (§ 667.5, subd. (c)).

2

In exchange for defendant's plea, the People agreed to dismiss the charges in Butte County Superior Court case No. SCR91909, with a *Harvey*[2] waiver, and agreed defendant would serve no more than six years in state prison. As a result of defendant's plea, the court found defendant in violation of his probation in Butte County case No. SCR91929.

At sentencing, defense counsel argued for probation and, alternately, for the middle term. Counsel noted defendant's mental health issues, that he was nearly immediately declared incompetent to stand trial and spent a significant amount of time in Napa State Hospital before that finding was changed. Counsel also said defendant would have a place to live and that "people there" would help defendant stay on his medication. Counsel also argued that while first degree burglary was technically a violent felony, defendant's conduct was not particularly violent because he likely just wanted to "steal things." Counsel also argued that defendant's early admission of guilt should be a mitigating circumstance to be considered by the court.

The People argued for the upper term. Counsel for the People spoke of this being a "nightmare scenario for the homeowner with children." This, counsel argued, was "on the more serious end" of burglaries "considering the possible crime that could have been committed under these circumstances." In sum, counsel argued that "based on the severity of the conduct, the defendant's escalating pattern of criminal conduct regarding misdemeanors, . . . the upper term state prison is appropriate."

The probation department recommended the upper term sentence be imposed. The department found defendant's "violent conduct" made him a serious danger to society. The department also noted the victim's vulnerability and that the crime indicated planning. The department also considered defendant's criminal history to be an

---

[2] *People v. Harvey* (1979) 25 Cal.3d 754.

aggravating factor and, with five prior convictions and this being his first felony conviction, defendant's convictions were increasing in seriousness. Moreover, defendant was on probation when he committed this crime, and his prior performance on probation was unsatisfactory.

The young victim's father also spoke to the court about the impact defendant's crime had on his daughter: "In regards to the amount of [violence], she was not physically harmed, but this was a violent offense to her in her mind and ours. We had to take extra safety precautions on our home. She didn't want to be by herself. She slept in our bedroom for a couple months after this incident. It's affected her grades at the time. She went to counseling. So I would implore the Court for the upper term state prison."

After hearing from everyone, the court stated it had "reviewed the circumstances in aggravation and mitigation." In aggravation, the court found the victim was vulnerable, the crime indicated planning, defendant was on probation, and defendant's prior performance on probation was unsatisfactory. In mitigation, the court found defendant "was probably suffering from a mental condition that significantly reduced his culpability." The court also found this was defendant's first felony conviction and he admitted guilt early on in the process. On balance, however, the court found the upper term was the appropriate sentence.

Accordingly, the trial court sentenced defendant to the upper term of six years for his first degree burglary conviction and terminated defendant's probation in case No. SCR91929. The court ordered defendant to pay various fines and fees and awarded him 670 days of custody credit.

# DISCUSSION

Defendant contends the trial court abused its discretion in imposing the upper term on his conviction for first degree burglary. We conclude the court acted within its discretion.

A trial court's sentencing decision is reviewed under the abuse of discretion standard. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.) "The trial court's sentencing discretion must be exercised in a manner that is not arbitrary and capricious, that is consistent with the letter and spirit of the law, and that is based upon an 'individualized consideration of the offense, the offender, and the public interest.' " (*Ibid.*)

In sentencing defendant to the upper term, the trial court found the victim was vulnerable and the manner in which defendant committed his crime indicated planning. The court also found defendant's prior convictions were numerous, he was on probation when he committed his crime, and his prior performance on probation was unsatisfactory. The court also found mitigating circumstances, including that defendant may have been suffering from a mental condition that reduced his culpability, it was defendant's first felony conviction, and he admitted guilt early in the process. On balance, however, the court found that based on the "severity of the conduct," the upper term was appropriate.

Defendant concedes the victim was vulnerable, and he does not argue that his performance on probation was satisfactory. Nor does he argue that he does not have a criminal record. Instead, defendant attempts to minimize his criminal record, minimize the victim's vulnerability, and focus on his drug and alcohol addiction. We are not persuaded.

A single aggravating circumstance will support an upper term sentence. (*People v. Osband* (1996) 13 Cal.4th 622, 728.) Here, the court carefully balanced several appropriate aggravating circumstances against a handful of mitigating circumstances. In so doing, the court found that, on balance, the mitigating circumstances were outweighed.

5

Under these circumstances, the trial court's selection of the upper term was neither arbitrary nor capricious.

## DISPOSITION

The judgment is affirmed.


    BUTZ    , J.


We concur:


    ROBIE    , Acting P. J.


    HOCH    , J.